STATE OF NORTH CAROLINA v. THOMAS ANDREW ESTES

No. 8930SC1260

(Filed 3 July 1990)

1. **Rape and Allied Offenses § 5 (NCI3d)— first degree sexual offense—sufficiency of evidence of penetration**

    Evidence of penetration of the anal opening was sufficient to be submitted to the jury in a prosecution for first degree

STATE v. ESTES

[99 N.C. App. 312 (1990)]

sexual offense where the 11 year old prosecuting witness testified that defendant "stuck his thing" in her "back" when she was seven years old, and the victim went on to explain that she meant "where I go number two."

**Am Jur 2d, Rape §§ 3, 101.**

2. **Rape and Allied Offenses § 6.1 (NCI3d)— failure to instruct on lesser offense—no error**

The trial court did not err in failing to instruct the jury on the lesser included offense of attempted first degree sexual offense where defendant did not object to failure to include the instruction, and defense counsel concurred in the trial court's decision not to give such a charge.

**Am Jur 2d, Rape § 110.**

3. **Criminal Law § 305 (NCI4th)— consolidation of multiple sex offenses—no error**

Defendant was not prejudiced by the joinder of sex offenses occurring in 1985 and 1987 where all charges involved the same defendant acting against the same child over a two year period; the alleged activities all occurred at the same place, the child's grandmother's home; and the same witnesses were called to testify.

**Am Jur 2d, Indictments and Informations §§ 221, 223.**

APPEAL by defendant from a judgment entered 24 April 1989 by *Judge J. Marlene Hyatt* in Superior Court, SWAIN County. Heard in the Court of Appeals 7 June 1990.

On 13 June 1988, defendant was charged by indictment with first degree sexual offense, taking indecent liberties with a child, crimes 'against nature, first degree sexual offense and two counts of first degree statutory rape. On 15 August 1988, superseding indictments charged defendant with the same offenses. The cases were joined and defendant was tried at the 27 February 1989 session of Swain County Superior Court. The jury found the defendant guilty of first degree sexual offense and taking indecent liberties with a child. He was found not guilty of the other offenses.

From a judgment sentencing him to life imprisonment, the defendant appeals.

STATE v. ESTES

[99 N.C. App. 312 (1990)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elizabeth G. McCrodden and Associate Attorney General Alexander M. Peters, for the State.*

*Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., by David G. Belser, for defendant-appellant.*

LEWIS, Judge.

[1] Defendant first assigns as error the trial court's failure to dismiss the charge of first degree sexual offense as defined by G.S. 14-27.4. Pursuant to G.S. 14-27.1, the term "sexual act" is defined in pertinent part as follows:

> "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body. . . .

Defendant argues that there was insufficient evidence of penetration and therefore the charge should have been dismissed. The defendant was accused of having anal intercourse and other sexual acts with a seven year old girl on numerous occasions in 1985 and again on several occasions in 1987. The prosecuting witness testified as follows regarding the 1985 incidents:

Q: When you were alone that time what, if anything, did Tommy do?

A: In the room?

Q: Um-huh?

A: He just told me to pull my pants and panties down.

Q: Did you?

A: Um-huh.

Q: What happened after you did that?

A: He stuck his thing in me.

Q: When he was in you—what part of him did he stick in you?

A: Back and front.

Q: Both?

A: Yes.

Later, when the child was testifying about the 1987 incidents, she stated:

Q: Where was he when he told you to pull your pants down?

A: He was standing up.

Q: What did he do after you pulled them down?

A: He stuck his thing in me.

. . .

Q: What do you mean by his thing?

A: The thing he pees with.

. . .

Q: What part of you did he put it?

A: The back.

. . .

Q: By the back what do you mean?

A: Where I go number two.

Q: Did he go inside you?

. . .

A: Yes.

. . .

Q: After he put it in you what did he do?

A: Moved back and forth.

. . .

Q: And then after he did that what did he do?

A: He took it out and put it where I do number one.

Defendant argues that the State's testimony that the defendant "stuck his thing" in the "back and front" of the child is insufficient evidence of penetration of the anal opening to uphold his conviction for first degree sexual offense for the 1985 incidents. There was no physical evidence and the child did not demonstrate on anatomically correct dolls what happened to her.

In *State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424 (1987), the Supreme Court found that the charge of first degree sexual offense should not have been submitted to a jury where the victim testified that the defendant "put his penis in the back of me." However, in the present case, the victim did testify that the defendant put his penis in the "back" and went on to explain that she meant "where I go number two." The child's testimony, taken as a totality, is sufficient evidence that the defendant penetrated the anal opening in 1985. *See State v. Fletcher*, 322 N.C. 415, 423, 368 S.E.2d 633, 637 (1988) (Supreme Court held that a child's testimony that defendant "stuck his ding dong up her po po" was substantial evidence from which the jury could find that defendant had vaginal intercourse with the child victim, where the child defined "ding dong" as a penis and "po po" as a vagina).

Viewed in the light most favorable to the State, the defendant's motion to dismiss was properly denied.

[2] Defendant next asserts that the trial court erred in failing to instruct the jury on the lesser included offense of attempted first degree sexual offense. However, defense counsel failed to object to the failure to include the instruction. N.C.R.App. P. 10(b)(2). Therefore, our review is under the "plain error" rule. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). In the present case, the defense counsel not only failed to request or object to the omission of the instruction, but actually concurred in the trial court's decision:

> [defense attorney] I don't believe that the charge—I don't believe defendant—I'm trying to recall my recollection of some testimony. I don't believe the defendant said—they asked about did he touch up against her. He said no, only perhaps in process of turning around. I don't think that would constitute an "attempt" such that that would go on the attempt. My recollection of the evidence is such.
>
> THE COURT: I would not give a charge on "attempt."

The trial court did not commit plain error in failing to instruct the jury on this lesser included offense.

[3] Finally, the defendant argues that the trial court erred in joining all of the defendant's charges. G.S. 15A-926(a) allows for the joinder of two or more offenses for trial "when the offenses, whether felonies or misdemeanors or both, are based on the same

act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan."

Whether to consolidate offenses for trial is within the sound discretion of the judge and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Brown*, 300 N.C. 41, 46, 265 S.E.2d 191, 195 (1980). In the present case, defendant was charged with six offenses occurring in 1985 and in 1987. (Evidence showed that the child moved away from the defendant in 1986, but was allegedly involved in sexual acts with the defendant when she returned to visit in the area in 1987.) The six charges all involved the same defendant acting against the same child over a two year period. The alleged activities all occurred at the same place, the child's grandmother's home. The same witnesses were called to testify.

We hold that the defendant was not prejudiced by the joinder of these offenses, and that the State showed sufficient evidence of a single scheme or plan to permit joinder.

The defendant received a fair trial, free of prejudicial error.

No error.

Judges WELLS and EAGLES concur.