## GOVERNMENT OF THE VIRGIN ISLANDS, Appellee
### v.
## MARKEY ARIEL MORRIS, Appellant

D.C. CRIM. APP. NO. 1998/034

District Court of the Virgin Islands

Division of St. Croix

November 23, 1999

DONOVAN M. HAMM, JR., Esq., St. Croix, U.S.V.I., *for Appellant*

MAUREEN PHELAN CORMIER, ESQ., *Virgin Islands Dept. of Justice*, St. Thomas, U.S.V.I., *for Appellee*

FINCH, *Chief Judge,* MOORE, and HODGE,[1] Sitting by Designation

[1] The Honorable Verne A. Hodge retired as Presiding Judge of the Territorial Court on November 6, 1999.

PER CURIAM

Markey Ariel Morris ["Morris" or "appellant"] was convicted of the aggravated rape of a six-year-old girl pursuant to V.I. CODE ANN., tit. 14 § 1700(a)(1), and now raises the following issues on appeal:

1. Whether the evidence presented was insufficient to establish the charge, entitling appellant to acquittal as a matter of law.

2. Whether the trial court improperly admitted testimony of statements made by the victim to an aunt and the examining physician.

For the reasons stated below, appellant's conviction will be affirmed.

### STATEMENT OF FACTS

Shortly after Hurricane Marilyn, appellant moved in with his cater-cousin and her two children, a boy, age four, and a girl, age six, in the Red Brick housing community. Allegations that appellant inserted a finger into the vagina and anus of the daughter ["the minor"] came to light on or about October 8, 1995. The minor revealed to her aunt, who had just arrived from Atlanta, that appellant touched her. The minor's frame of reference for when the incident occurred was one night in September "after the hurricane" (Marilyn) when her mother went out and left her at home alone with Morris. When asked where appellant touched her, the minor pointed to her vaginal area and said that he touched her "tittie" and her "nu-nu". (Appendix for the Appellant ["App."] at 87.) The aunt immediately confronted Morris, who denied the allegations. The trial judge did not allow the aunt to testify about other private conversations with the child in the bedroom.

The aunt contacted the police, and the minor was taken to the hospital, where she was examined by emergency room physician, Dr. Janet Greenwood-Reid ["Dr. Reid"]. The minor stated to Dr. Reid that Morris used his tongue and finger on her "tittie" and her

136

"bumbie," and, upon request, the minor pointed to the area of her body which she identified as her "bumbie." (*Id.* at 211-12.) Dr. Reid likewise used gestures to describe the location to the jury. She also testified, as she gestured to her rectal area, that the minor reported that Morris had "used his fingers back here," and "presumed she meant anus, her anal/rectal area," but didn't have a word for the area. (*Id.* at 212.) Dr. Reid found no signs of trauma to the minor's anus or vagina, and the hymen was intact. She noted, however, the vaginal area was red and inflamed with a "mucousy discharge," which the physician said may be attributed to several factors, including excessive bubble baths or insertion of a foreign object such as a finger. (*Id.* at 215-16.)

The minor's mother, who testified through a sign language interpreter, at first denied knowing her sister, the child's aunt, and said she did not remember giving a statement to the police. The mother later admitted that she only denied knowing her sister because she was angry at her for taking the minor to the hospital. The mother also ultimately, and reluctantly admitted making a statement to the police, and testified that appellant had apologized, but her choppy, and obviously unwilling responses make it difficult to determine exactly why he had apologized. She further testified that appellant had offered her money if she would not testify. Similar testimony was offered by the child's aunt, who asserted that Morris had admonished her to "forget about all of this nonsense," adding that he gives the mother a lot of money and helps her out a lot.

### DISCUSSION

#### A. Jurisdiction And Standards Of Review

Jurisdiction to review this matter is found pursuant to 4 V.I.C. § 33. This appeal is timely. V.I. R. App. P. 4 and 5.

■ An appellate court must apply a particularly deferential standard of review when deciding a sufficiency of the evidence challenge. It is not for this Court to weigh the evidence or to determine the credibility of the witnesses. Rather, we must view the evidence in the light most favorable to the government and

137

must sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Charleswell v. Gov't of the Virgin Islands*, 167 F.3d 674, 679 (D.V.I. App. Div. 1996), *rev'd on other grounds*, 115 F.R.D. 171 (3d Cir. 1997). Moreover, an appellant challenging the sufficiency of the evidence bears the heavy burden of showing a failure of the prosecution to establish the elements of the claim. *Accord United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992).

The trial court's ruling on the admissibility of testimony is reviewed for abuse of discretion, except our review is plenary to the extent that ruling turns on a federal rule of evidence. *Accord United States v. Velasquez*, 33 V.I. 265, 271 (3d Cir. 1995). Findings of fact are subject to a clearly erroneous standard of review. *See* 4 V.I.C. § 33; *Brown v. Gov't of the Virgin Islands*, Crim. No. 1995-066, 1998 WL 959655, at *2 (D.V.I. App. Div. 1998).

## B. Testimony By the Physician Was Properly Admitted Under Fed. R. Evid. 803(4).

Appellant contends that the trial court erred in allowing Dr. Reid to testify about statements made by the minor regarding alleged sexual abuse. Appellant relies upon the Federal Rules of Evidence[2] to argue that the physician's statements went beyond that required for treatment and extended into fault.

Generally, statements made by a declarant during the course of seeking medical treatment or diagnosis may be admitted as an exception to the general proscription against third-party statements. Fed. R. Evid. 803(4), 802. Such statements are admitted if they were "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Fed. R. Evid. 803(4)(emphasis added). Statements made for these purposes are presumed reliable on the premise that there is a great motivation to be truthful when a declarant is aware of the need for proper treatment and diagnosis. See Fed. R. Evid.

---

[2] The Federal Rules of Evidence are applicable in proceedings before the Territorial Court, to the extent they are not inconsistent with the Rules of the Territorial Court. Terr. Ct. R. 7, 12.

803(4) advisory committee's note; *White v. Illinois,* 502 U.S. 346, 355, 116 L. Ed. 2d 848, 112 S. Ct. 736 (1992); *Idaho v. Wright,* 497 U.S. 805, 820, 111 L. Ed. 2d 638, 110 S. Ct. 3139 (1990).

Appellant argues that the minor's age prevented her from having the awareness necessary under Rule 803, which negated the presumed reliability which forms the basis for this exception. Accepting appellant's argument would require this Court to presume that the minor did not understand what a doctor was, the fact that one visits a doctor to be treated, or the importance of being truthful to a doctor. We are unwilling to do so and recognize that the foundation for the rule is not absent simply because the victim is a child.[3] There is no presumption that a child is any less aware that visiting a doctor is for the purpose of seeking medical treatment. *See United States v. Norman T.,* 129 F.3d 1099, 1105 (10th Cir. 1998), *cert. denied,* 523 U.S. 1031, 118 S. Ct. 1322, 140 L. Ed. 2d 485 (1998) (citing *White,* 502 U.S. at 356 (admitting statements made by four-year-old victim to emergency room physician)); *United States v. Tome,* 61 F.3d 1446, 1449-51 (10th Cir. 1995) (affirming admission of statements made by a young child abuse victim to doctors under 803(4)).

The threshold inquiry is whether the statements in question were "reasonably pertinent" to diagnosis or treatment. *United States v. Renville,* 779 F.2d 430, 436 (8th Cir.1985). The following two-pronged test is applied to determine whether such hearsay statements should be admitted:

> (1) The declarant's motive in making the statement must be consistent with the purposes of promoting treatment.

> (2) The content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.

*Id.*

---

[3] *Accord Morgan v. Foretich,* 846 F.2d 941, 950 (4th Cir. 1988) (admitting child's statements to physician on grounds that a young child will have the same, or even stronger, motive to make truthful statements for the purposes of diagnosis or treatment as an adult); *United States v. Iron Shell,* 633 F.2d 77, 84 (8th Cir. 1980) (noting that the youth of a child may actually offer greater assurance of reliability, and that such statements are equally relied upon by physicians in providing treatment and diagnosis, regardless of age).

The circumstances and facts of this case tend to support, rather than refute, the inference that the minor had such awareness. After telling of the abuse, the minor was taken to the emergency room accompanied by police and her aunt. At the emergency room, an obviously medical setting, she was examined by Dr. Reid who introduced both herself and the nurse, and asked the minor if she knew why she was there, to which she responded by gesturing toward the back and front of her body, and by stating that her visit had something to do with Morris. Given the minor's earlier report to her aunt, her actions and statements indicate that she understood that her visit to the hospital was for the purpose of securing treatment relating to the reported incident. The physician then explained the necessity of a physical examination and then performed one.

■ Having examined many rape victims over the years, Dr. Reid's testimony supports the conclusion that the information she gathered was relevant, routinely obtained in child sexual abuse cases, and relied upon for treatment and diagnosis.[4] For these reasons, we find no abuse of discretion in admitting Dr. Reid's testimony.

### C. Admission of Statements to the Aunt Regarding the Abuse was Admissible Under Rule 807.

Appellant contends that the testimony offered by the aunt was not probative to the charge because it focused on the minor's allegations of "touching," which were not a material element under the rape statute, and should not have been admitted under Rule 807.[5] As a predicate to admissibility, the court must determine that:

1. the statement is offered as evidence of a material fact;

---

[4] Appellant's reliance on *United States v. White*, 11 F.3d 1446, 1449 (8th Cir. 1993) is misplaced. Appellant accurately states that White rejected the medical diagnosis exception in that case, but ignores the reasons behind that decision. There, the court specifically noted facts such as the non-medical location and circumstances of the interview which did not support an inference that the child was aware that he was seeking medical treatment or that he was even talking with a medical professional. *Id.*

[5] In the 1997 amendment to the federal rules, Rule 803(24) and Rule 804(b)(5) were combined and transferred to a newly created Rule 807. The shift resulted in no change in meaning. FED. R. EVID. 803, advisory committee's note.

2. the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

3. the general purposes of [the federal] rules and the interests of justice will best be served by admission of the statement into evidence.

*Id.* This hearsay exception may be applied, regardless of whether the declarant is available, to admit statements which have sufficient "guarantees of trustworthiness." FED. R. EVID. 807.

Although appellant correctly points out the "narrow focus" intended for this exception, such an overly limited application as suggested ignores the underlying purpose of the rules and the interests of justice, as well as other evidentiary rules regarding the relevancy of evidence. Evidence is relevant or probative if it tends to establish that the crime was more likely or less likely to have occurred. *See* FED. R. EVID. 401. Evidence that appellant "touched" the victim in the wrong places may be deemed probative in determining whether a rape subsequently occurred. The trial judge did not allow the aunt to testify regarding all alleged statements made to her by the minor. Only those statements that helped to explain the unfolding of events and how the information was revealed were allowed, provided they had sufficient guarantees of trustworthiness, based on the totality of the circumstances surrounding the statement. *See Gov't of the Virgin Islands v. Joseph,* 27 V.I. 389, 964 F.2d 1380 (3d Cir. 1992).

Also, the fact that the declarant testified did not negate the probative value of these hearsay statements,[6] given her youth and the circumstances under which the statements were made. Although there is no "mechanical test" for determining what constitutes particularized guarantees of trustworthiness, the Supreme Court has noted that this determination should be guided by factors which indicate whether the child declarant is "particularly likely to be telling the truth." *Wright,* 497 U.S. at 822. Courts should consider: 1) the child's lack of motive to fabricate; and 2) whether the statements are the type that one would expect a child to fabricate. *Id.*

---

[6] The declarant's availability is immaterial under this exception. See FED. R. EVID. 803.

141

■ In the instant case, the minor spontaneously volunteered the information to her aunt almost immediately after the aunt arrived from Atlanta.[7] Additionally, she did so in the presence of the appellant. The minor recounted, in her youthful language, experiences that a six-year-old is unlikely to have knowledge of unless experienced first-hand. Moreover, appellant offers no facts to suggest that the minor had a motive to fabricate the account, nor is there any indication that the story may have been the result of suggestion or manipulation. Rather, the information was revealed to the aunt as she read a book to the child. Additionally, there can be little dispute that it is in the interest of justice to admit such statements in cases involving child victims, who confide in someone they trust in a comfortable setting, and who may otherwise not be able to fully repeat those details at a future trial. The trial judge reviewed these facts and found no motive to fabricate and sufficient guarantees of trustworthiness, and we find no abuse of discretion in allowing the challenged testimony.

## D. Victim's Terminology Was Sufficiently Clear to Describe Abuse Within the Meaning of the Statute.

Appellant was charged and convicted of aggravated rape pursuant to 14 V.I.C. § 1700(a)(1) which provides in relevant part that:

> (a) Whoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse:

> (1) who is under thirteen years of age . . . is guilty of aggravated rape and shall be imprisoned for life or for any term of years, but not less than ten years.

The Virgin Islands Code also defines the type of contact proscribed under the statute:

> "Sexual intercourse" means vaginal intercourse or any insertion, however slight, of a hand, finger or object into the vagina, vulva, or labia, excluding such insertion for medical treatment or examination.

---

[7] Given the mother's apparently negative reaction to Morris' prosecution and her admitted love for him and desire to have the matter end quickly, the minor's revelation to her aunt could very well have been the first opportunity to tell another adult about the abuse which had only occurred in recent weeks.

"Sodomy" means carnal knowledge of any person by the mouth, i.e., cunnilingus or fellatio; or by the anus; or by submission to the same; or by any insertion, however slight, of any object into a person's anus, excluding such insertion for medical treatment or examination.

14 V.I.C. § 1699(d), (e).

Appellant argues that the minor's use of "colloquial" terms was vague and did not clearly establish that there was penetration of the "vagina" or "rectum", an essential element of the claim.[8] Appellant also argues the minor's demonstration at trial amounted merely to pointing, and was insufficient to ensure the jury understood to what she referred.

The six-year-old minor told her aunt and Dr. Reid, and repeated to the jury, that appellant had put his tongue and finger in her "bumbie" or "bum-bum" and "nu-nu". The minor also used an anatomically correct doll to demonstrate for the jury, by pointing to the doll, areas of her body she referred to as her "bumbie" or "bum-bum" and "nu-nu". She had already shown Dr. Reid, as the doctor told the jury, what areas of the body she labeled her "bumbie" and her "nu-nu". (App. at 115-116.)

The failure, or inability, to use sophisticated language is not uncommon for a child of six years who is unfamiliar with the adult names for the anatomy. Although the terms were personal to the minor, they were appropriately defined for the jury through her demonstration. Furthermore, the minor was not required, as appellant suggests, to demonstrate more graphically by lifting the doll's clothing or replicating the sexual act. The minor testified (and demonstrated) that appellant put his finger "in" her, leaving it perfectly reasonable for the jury to infer that the terms "nu-nu" and "bumbie" referred to her vagina and rectum, respectively, and to further infer that appellant penetrated those areas as defined in subsections 1699(d) and (e). The government argues that the term

---

[8] Appellant cites no case law for this argument but presents, instead, bare assertions that the evidence was insufficient as a matter of law. In a reply brief, appellant cites to *United States v. Fuentes-Montijo*, 68 F.3d 352 (9th Cir. 1995), which is not directly related to this issue, but relates to the propriety of a jury instruction regarding the weight and consideration to be given to English transcripts of Spanish recordings.

"in" is unambiguous and needs no explanation. Appellant has cited no authority for his bald assertion that a child must use the proper terminology within the statute, or that the government is required to call an expert witness to define the terms used by the child. Rather, the cases support reliance on circumstantial evidence of penetration and the meaning of the child's terms. In fact, other jurisdictions have repeatedly recognized a child's language limitations and accepted such terminology where other circumstantial or direct evidence helped to clarify its meaning for the jury, and have affirmed convictions based upon analogous facts.[9]

---

[9] *Accord United States v. Norman T.*, 129 F.3d 1099, 1104 (10th Cir.) (holding that the evidence of penetration sufficient where the victim testified appellant touched her in her "wooze" where she urinates, and, among other things, that appellant "stuck his finger in me," and "put his finger in my body"), *cert. denied*, 523 U.S. 1031, 118 S. Ct. 1322, 140 L. Ed. 2d 485 (1998); *State v. Dick*, 126 N.C. App. 312, 485 S.E.2d 88, 91 (N.C. Ct. App. 1997)(upholding a conviction for the rape of a 9-year old girl over an insufficiency challenge on the issue of penetration where the victim testified that defendant put his finger up her "front private part," touched her "front private part" with his tongue, and tried to get his "front private part" in her "front private" and "back private," and where the child identified in drawings what she meant); *United States v. Farrey*, 874 F.2d 1222, 1226 (10th Cir. 1993) (accepting statements of 4-year old child that when she visits her father she "gets white mud on her face" and that she "played with his thing that he put in the toilet"); *State v. Estes*, 99 N.C. App. 312, 393 S.E.2d 158 (N.C. Ct. App. 1990) (upholding a conviction, despite the absence of physical evidence or the use of anatomical dolls, based on a 7-year old girl's testimony that defendant "stuck his thing" in the "back and front" of her, where the victim clarified those locations as where "I go number two" and "where I do number one" and identified his "thing" as "the thing he pees with"); *United States v. Green*, 95 N.C. App. 558, 383 S.E.2d 419, 420-21 (N.C. Ct. App. 1989) (rejecting the argument that the child victim's reference to "private parts" where "he goes to the bathroom" was equivocal and vague and insufficient to prove penetration); *State v. Fletcher*, 322 N.C. 415, 368 S.E.2d 633, 634-37 (N.C. 1988) (holding that a child's testimony that defendant stuck his "ding dong" and his finger up her "po po" was substantial evidence from which the jury could find that defendant had vaginal intercourse with the child victim, where anatomically correct dolls were used to identify the positions of a "ding dong" and a "po po"); *United States v. Nick*, 604 F.2d 1199, 1201 (9th Cir. 1979) (upholding conviction over hearsay challenge of a young victim's childish statements that appellant had "stuck his tutu in my butt" and hurt him, noting that such language is entirely appropriate to a child of his tender years); *Jackson v. State*, 31 Md. App. 332, 356 A.2d 299 (1976) (accepting statements made by four-year-old child that the defendant "put his wee-wee in me"); *State v. Jones*, 204 Kan. 719, 466 P.2d 283, 293 (Kan. 1970) (upholding evidence of penetration as sufficient, noting that the child's testimony "reveals a description of the incident in a style and manner appropriate to a seven year old child. When she expressed herself she did not use a sophisticated vocabulary, but this is not required or to be expected. She was capable of being understood by the jury. . . . Her simple explanations were appropriate."); *Lang v. State*, 87 So. 2d 265, 268 (Miss. 1956) (holding that penetration need not be established "in any particular form of words, and circumstantial evidence may suffice"); *Fields v. State*, 203 Ark. 1046, 159 S.W.2d 745, 746 (Ark. 1942) (holding there

■ Only "when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997). In this case, the evidence of penetration based on the minor's description and demonstration of what those labels meant, when viewed in the light most favorable to the government, was sufficient for a jury to find appellant guilty of under the statute. Allowing any other result would discount the testimony of young children who are otherwise inexperienced and can only communicate what has happened to them in a language reflective of their youth and environment.

### CONCLUSION

For the reasons stated, appellant's conviction will be affirmed.

### ORDER OF THE COURT

PER CURIAM

AND NOW this 23 day of November, 1999, having considered the arguments and submissions of the parties, and for the reasons set forth in the Court's accompanying opinion of even date, it is hereby

ORDERED AND ADJUDGED that appellant's conviction is AFFIRMED.

---

was sufficient evidence of penetration where the 12-year old victim testified that appellant took his "thing" out of his pants, and put it "in the place where she wet"). *But cf. State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424, 425-27 (1987) (holding that the evidence was insufficient to show penetration of the rectum where the victim testified that the defendant "put his penis in the back of me." There was no medical evidence of anal penetration and no demonstration.).