An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-758

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.                                      Mecklenburg County
                                        No. 12 CRS 981
THADDEUS STEPHEN MACMORAN


Appeal by defendant from judgment entered 31 January 2013 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Olga Vysotskaya, for the State.*

> *Ryan McKaig, for defendant-appellant.*


CALABRIA, Judge.


Thaddeus Stephen MacMoran ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of statutory sexual offense against a person who is thirteen, fourteen, or fifteen years old by a defendant who is at least six years older than the victim ("statutory sexual offense"). We find no error.

## I. Background

Defendant was employed as a youth pastor at a church in Charlotte, North Carolina, where he met thirteen-year-old E.H. ("Eric")[1] and his family. Defendant became friends with the family. Eric's mother regarded defendant as part of the family, and trusted him with her children.

Defendant paid particular attention to Eric, taking him on outings and playing video games and basketball with him. Sometimes defendant slept on the floor of Eric's bedroom when he stayed overnight with Eric's family. During the summer of 2010, when Eric was fourteen years old, defendant spent three consecutive nights with the family. On the first night, defendant touched Eric's penis with his hand as Eric was attempting to fall asleep. The following night, defendant again touched Eric's genitals, stroking his penis. The third night, defendant briefly performed fellatio on Eric and requested Eric perform fellatio on him. When Eric refused, defendant "got mad, disappointed." The last time defendant had physical contact with Eric was in November 2011.

In addition to physical contact, defendant also had sexual conversations and exchanged explicit text messages with Eric. In late November 2011, Eric's mother discovered sexually

---

[1] We use this pseudonym to protect the juvenile's privacy and for ease of reading.

explicit text messages from defendant on Eric's cell phone and confronted her son about the nature of the messages. Eric told his mother about defendant's behavior toward him, and she subsequently reported defendant's behavior to law enforcement.

Defendant was arrested and indicted for statutory sexual offense, committing a crime against nature, and four counts of indecent liberties with a child ("indecent liberties"). At trial, Eric testified that defendant had touched his genitals on approximately ten to fifteen occasions. Eric also testified that he had not told anyone, not even his parents, about the occurrences because he was scared and embarrassed about defendant's sexual advances toward him.

On 31 January 2013, the jury returned verdicts finding defendant guilty of all offenses. The jury also found the aggravating factor that defendant took advantage of a position of trust or confidence to commit the offenses. The trial court arrested judgment for the indecent liberties and crime against nature offenses, and sentenced defendant to a minimum of 222 months and a maximum of 276 months in the custody of the North Carolina Division of Adult Correction for the statutory sexual offense. The trial court also ordered defendant to enroll in

satellite-based monitoring and register as a sex offender upon his release from custody. Defendant appeals.

## II. Mistrial

Defendant argues that the trial court should have declared a mistrial *ex mero motu* after the district attorney asked Eric's mother her opinion regarding Eric's honesty. He contends that her answer amounted to an impermissible bolstering of Eric's testimony. We find no error.

Generally, the credibility of a witness may only be supported after it has been attacked. N.C. Gen. Stat. § 8C-1, Rule 608(a) (2011). However, "any error in admitting evidence in violation of Rule 608 does not require a new trial unless there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at trial." *State v. Moore*, 103 N.C. App. 87, 99, 404 S.E.2d 695, 702 (1991) (citations and internal quotations omitted). "Not every disruptive event which occurs during trial automatically requires the court to declare a mistrial." *State v. Allen*, 141 N.C. App. 610, 617, 541 S.E.2d 490, 496 (2000).

Our Courts have previously considered the effect of a mother's testimony regarding her children's truthfulness in cases concerning child sexual abuse. Because "most jurors are

likely to assume that a mother will believe accusations of sexual abuse made by her own children, we cannot conclude that the challenged portion of . . . testimony had any significant impact on the jury's decision to convict Defendant." *State v. Dew*, ___ N.C. App. ___, ___, 738 S.E.2d 215, 219 (2013) (citing *State v. Ramey*, 318 N.C. 457, 466, 349 S.E.2d 566, 572 (1986) (holding "[i]t is unlikely that the jury gave great weight to the fact that a mother believed that her son was truthful.")). In addition, a trial court's prompt corrective action can cure the error caused by improper testimony. *See State v. King*, 343 N.C. 29, 44-45, 468 S.E.2d 232, 242 (1996) (trial court's action was sufficient to cure any prejudice when it sustained objection to witness's testimony, allowed motion to strike, and instructed the jury not to consider the witness's response); *see State v. Boyd*, 321 N.C. 574, 578-79, 364 S.E.2d 118, 120-21 (1988) (trial court took prompt and sufficient corrective action by sustaining defendant's objection, allowing motion to strike, and instructing the jury not to consider witness's response).

In the instant case, after Eric's mother testified regarding Eric's reaction to her discovery of defendant's text messages, the prosecutor asked whether she "[had] always known [Eric] to be an honest kid[.]" Defendant immediately objected

and made a motion to strike. Although defendant failed to request a mistrial and did not request a curative instruction, the trial court provided detailed instructions to the jury at the onset of trial regarding, *inter alia*, the significance of the court granting defendant's motion to strike. In those instructions the trial court indicated that a motion to strike

> is actually a motion to strike that answer from your memory. . . . [S]o if I grant a motion to strike . . . that is my signal to you simply disregard what you have just heard, the last answer. In other words, when you go back into the jury room to deliberate and you consider that collection of evidence that has been presented, there should not be included in that collection of evidence anything on which I granted a motion to strike. And if your fellow jurors start talking about an answer that was given but was stricken, please remember that, point that out to your fellow jurors and say, wait, we should not consider that, because that's not part of the competent evidence in the case.

The trial court properly sustained defendant's objection, granted defendant's motion to strike, and instructed the jury on the meaning of a motion to strike. "Jurors are presumed to follow a trial judge's instructions." *State v. Phillips*, 171 N.C. App. 622, 629, 615 S.E.2d 382, 386 (2005) (quoting *State v. Taylor*, 340 N.C. 52, 64, 455 S.E.2d 859, 866 (1995)). Therefore, since defendant failed to refute this presumption on appeal, and

the trial judge instructed the jury that stricken testimony was not to be considered as competent evidence in the case, the trial court did not err by not declaring a mistrial.

Defendant argues in the alternative that his trial counsel committed ineffective assistance of counsel by failing to move for mistrial. To prevail on such a claim, defendant must show that his trial counsel's performance was "deficient," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Although defendant claims his trial counsel's failure to move for mistrial was prejudicial, he fails to explain how this performance was prejudicial enough for the court to declare a mistrial. Defendant's claim is without merit.

### III. Age Testimony

Defendant argues that the trial court committed plain error by allowing Eric and his mother to testify regarding defendant's age, and erred in denying defendant's motion to dismiss the charges against him. We disagree.

Defendant did not object to Eric's or his mother's testimonies about defendant's age. Therefore, that testimony may only be reviewed for plain error. *See State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "Because plain error

is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations omitted).

Upon defendant's motion to dismiss, "the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that the defendant is the perpetrator of the offense." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

To prove that a defendant is guilty of a statutory sexual offense, the State must show, *inter alia*, that a person engaged in a sexual act with a victim who is thirteen, fourteen, or fifteen years old, and that the defendant is at least six years older than the victim. N.C. Gen. Stat. § 14-27.7A(a) (2010). The State is not required to offer the birth certificates of defendant and victim to establish the ages of the parties, but testimony is sufficient. *State v. Cortes-Serrano*, 195 N.C. App.

644, 652-53, 673 S.E.2d 756, 761-62 (2009). However, a witness may not testify to a matter unless there is evidence sufficient to support a finding that he has personal knowledge of the matter. N.C. Gen. Stat. § 8C-1, Rule 602 (2011).

As an initial matter, there is no dispute that defendant was the perpetrator. Defendant's dispute focuses on the State's failure to provide substantial evidence that defendant was at least six years older than Eric. Defendant contends that the testimony offered at trial was foundationless.

This Court has held that the jury may rely on their in-court observations, supplemented by other direct or circumstantial evidence, in determining a defendant's age. *State v. Ackerman*, 144 N.C. App. 452, 461-62, 551 S.E.2d 139, 145-46 (2001). In addition, "[t]he credibility of the witnesses and the weight to be given their testimony is exclusively a matter for the jury." *State v. Scott*, 323 N.C. 350, 353, 372 S.E.2d 572, 575 (1988) (citation omitted).

In the instant case, the evidence showed that defendant was a gainfully employed adult when he first came into contact with Eric's family, and was on friendly terms with the family for about a year before he began seeing them socially outside the church environment. At the time of trial in January 2013, Eric

was sixteen years old. Both Eric and his mother testified, without objection, that defendant was approximately twenty-six or twenty-seven years old at the time of trial. Both Eric and his mother also testified from their personal knowledge regarding defendant's age, based upon their close friendly relationship for over a year. The evidence showed the age difference between defendant and Eric to be approximately ten years, which satisfies the requirements of N.C. Gen. Stat. § 14-27.7A(a). Since the jurors' in-court observations were supplemented by circumstantial evidence of the approximate age difference between defendant and Eric, the State presented substantial evidence sufficient to support a finding that defendant was at least six years older than Eric at the time of the offenses. It was for the jury to determine "[t]he credibility of the witnesses and the weight to be given their testimony[.]" *Scott*, 323 N.C. at 353, 372 S.E.2d at 575.

## IV. Conclusion

The trial court took immediate action to cure any error regarding the disputed testimony of Eric's mother. Neither defense counsel's failure to move for nor the trial court's failure to declare a mistrial *ex mero motu* prejudiced the defendant. Defendant also fails to demonstrate that the

testimony regarding his age constitutes plain error. Because jurors are assumed to follow the trial court's instructions, and the jury is the ultimate judge of the credibility and weight of witness testimony, defendant received a fair trial, free from error. *Id.*; *Phillips*, 171 N.C. App. at 629, 615 S.E.2d at 386.

No error.

Judges HUNTER, Robert C. and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).