STATE OF NORTH CAROLINA v. WILLIAM THOMAS WEAVER

No. 949SC388

(Filed 20 December 1994)

1. **Evidence and Witnesses § 2482 (NCI4th)— victim's mother excluded from courtroom—social workers and therapists allowed to stay—no error**

   In a prosecution of defendant for first-degree rape and first-degree sexual offense committed against seven- and nine-year-old girls, the trial court did not err by excluding the mother of the victims from the courtroom during their testimony while not excluding social workers and therapists. N.C.G.S. § 15A-1225.

   **Am Jur 2d, Trial §§ 252 et seq.**

2. **Evidence and Witnesses § 2542 (NCI4th)— seven- and nine-year-old victims—ability to understand oath and truthfulness**

   There was no merit to defendant's contention that the trial court erred by permitting the seven- and nine-year-old rape victims to testify "in light of their difficulty in understanding the importance of the oath," since both exhibited a capacity to understand and relate facts that would assist the jury and a comprehension of the difference between truth and untruth. N.C.G.S. § 8C-1, Rule 601(a) and (b).

   **Am Jur 2d, Witnesses §§ 90, 91.**

   **Witnesses: child competency statutes. 60 ALR4th 369.**

3. **Rape and Allied Offenses § 83 (NCI4th)— rape of child— discrepancy between testimony and physical evidence— sufficiency of evidence**

Testimony by a child that defendant inserted his penis at least partially into her vagina was sufficient to show that defendant engaged in vaginal intercourse with the child, and any discrepancies between the victim's testimony and the physical evidence were for the jury to resolve.

**Am Jur 2d, Rape §§ 88 et seq.**

4. **Evidence and Witnesses § 868 (NCI4th)— sheriff's investigation—relevancy of testimony**

Where various witnesses testified that the sheriff and his deputies did not investigate other potential perpetrators in a rape case involving children, it was relevant for the sheriff to testify that "if [defendant] had any innocence, we would check it all" and that he had told defendant's father that "if [defendant] is not guilty we will prove that he is not guilty."

**Am Jur 2d, Evidence §§ 307 et seq.**

Appeal by defendant from judgments entered 4 October 1993 by Judge Richard B. Allsbrook in Person County Superior Court. Heard in the Court of Appeals 10 October 1994.

Defendant was charged with two counts of first-degree rape and two counts of first-degree sexual offense. Defendant was convicted on all charges and sentenced to two concurrent life sentences and two consecutive life sentences. Evidence by two girls, one nine and one seven, tended to show that the defendant committed acts sufficient to allow the jury to reach guilty verdicts. Several social workers and expert witnesses testified on behalf of the State.

The defendant testified on his own behalf, denying all acts alleged and indicating that the crimes were perpetrated by others. The jury found defendant guilty of all charges. The trial court entered judgment for four life terms from which defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Mark Galloway for defendant appellant.*

LEWIS, Judge.

[1] Defendant first argues that the trial court erred by excluding the mother of the victims from the courtroom during their testimony while not excluding social workers and therapists. We disagree.

N.C. Gen. Stat. § 15A-1225 (1988) provides:

> Upon motion of a party the judge may order all or some of the witnesses other than the defendant to remain outside of the courtroom until called to testify, except when a minor child is called as a witness the parent or guardian may be present while the child is testifying even though his parent or guardian is to be called subsequently.

A motion to sequester witnesses is addressed to the sound discretion of the trial court and will not be reviewed absent a showing of an abuse of discretion. *State v. Royal*, 300 N.C. 515, 268 S.E.2d 517 (1980). Because the statute allows the exclusion of "all or some of the witnesses," the trial court did not abuse its discretion by allowing a social worker and a therapist to remain in the courtroom during the victims' testimony. *See State v. Stanley*, 310 N.C. 353, 312 S.E.2d 482 (1984). That a parent *may* be present while a child is testifying does not mean that such presence is required. Defendant's argument is meritless.

[2] Defendant next argues that the trial court erred by permitting the victims to testify "in light of their difficulty in understanding the importance of the oath." We disagree.

N.C. Gen. Stat. § 8C-1, Rule 601 (1992), provides that "[e]very person is competent to be a witness except . . . when the court determines that he is . . . incapable of understanding the duty of a witness to tell the truth." § 8C-1, Rule 601(a), -(b). *See State v. Gordon*, 316 N.C. 497, 342 S.E.2d 509 (1986). Our Supreme Court has addressed the standard for determining whether a child is competent to testify:

> There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness.

*State v. Turner*, 268 N.C. 225, 230, 150 S.E.2d 406, 410 (1966). Absent a showing that the ruling as to competency could not be the result of a reasoned decision, the ruling will not be disturbed on appeal. *State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424 (1987).

During *voir dire* examination, the prosecutor questioned H. about her understanding of truthfulness:

Q.   [H.], do you know the difference betweenxt [sic] right and wrong?

A.   Yes.

Q.   Do you know what it is to tell a lie?

A.   Yes.

Q.   If I were to say it's Christmas Day, would that be the truth or a lie?

A.   A lie.

Q.   If I were to say that you were eleven years old, would that be the truth or a lie?

A.   A lie.

Q.   Is it right or wrong to tell a lie?

A.   Wrong.

Q.   And if you were to tell these people in the Courtroom, the people that would be in the Courtroom tomorrow or the people today a lie —

A.   No.

Q.   Or something that wasn't true, what would happen to you?

A.   I don't know.

Q.   Would it be wrong to tell a lie?

A.   Yeah.

Q.   Do you promise to say only things that are true?

A.   Yes.

Q.   While you're in this Courtroom?

A.   Yes.

Q. Do you understand the importance of doing that?

A. Yes.

Q. Do you promise to tell only the truth?

A. Yes.

Q. Do you promise not to tell any lies?

A. Yes. .

On cross-examination, H. could not answer why she raised one hand and placed the other on the Bible nor who wrote the Bible.

Despite H.'s lack of understanding of an obligation to tell the truth from a religious point of view, she stated on direct examination an understanding of the difference between the truth and lies and the importance of telling the truth. Having done so she exhibited a capacity to understand and relate facts that would assist the jury and a comprehension of the difference between truth and untruth. *See Hicks*, 319 N.C. at 88-89, 352 S.E.2d at 426. Defendant has failed to show that the trial court abused its discretion by finding H. competent to testify.

D. likewise testified on *voir dire* that she understood the difference between the truth and lies. She testified that if she told a lie "something bad" would happen, and she promised to tell the truth. In light of this testimony, defendant has failed to show that the trial court abused its discretion in finding D. competent to testify. Defendant's argument is without merit.

Defendant further argues that the trial court erred by allowing Jean Neimeyer to express an opinion as "to the age at which the children began to understand dates." Specifically, defendant contends this testimony was beyond the scope of her expertise. We disagree.

Neimeyer was accepted as an expert in clinical social work particularly in the area of child sexual abuse. Over defendant's objection, Neimeyer testified that until the age of eight "we certainly don't expect children . . . to be able to name dates, or to give more than a general approximation of how many times something happened, you know, if it is more than, say, one time."

Expert testimony is admissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 702 (1992), when such testimony can assist the jury to draw inferences from facts because the expert is better qualified.

*State v. Bullard,* 312 N.C. 129, 322 S.E.2d 370 (1984). In this case, the testimony in question was within the realm of expertise of the witness and was of assistance to the jury. Therefore, the trial court did not err by allowing the testimony.

[3] Defendant also argues that the trial court erred by denying his motion to dismiss the rape charge as to D. Specifically, defendant contends there was a discrepancy between D.'s testimony and the physical evidence.

In ruling upon a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the offense charged, or of a lesser-included offense of that charged, and of the defendant being the perpetrator. *State v. Roseman,* 279 N.C. 573, 184 S.E.2d 289 (1971). Substantial evidence is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Bromfield,* 332 N.C. 24, 418 S.E.2d 491 (1992). "The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . ." *State v. Powell,* 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

Pursuant to N.C. Gen. Stat. § 14-27.2(a)(1) (Cum. Supp. 1994), a person is guilty of first-degree rape if he "engages in vaginal intercourse" with a child under the age of thirteen and the defendant is at least twelve years old and four years older than the victim. The slightest penetration of the female sexual organ by the male sexual organ is all that is required to prove vaginal intercourse. *State v. Sneeden,* 274 N.C. 498, 164 S.E.2d 190 (1968). D. testified that defendant inserted his penis at least partially into her vagina. This evidence is sufficient to show that defendant engaged in vaginal intercourse with D. Assuming *arguendo* that there were discrepancies between the victim's testimony and the physical evidence, these discrepancies were for the jury to resolve and do not warrant dismissal of the charge. *State v. Smith,* 291 N.C. 505, 231 S.E.2d 663 (1977). Defendant's argument is meritless.

[4] Finally, defendant argues that the trial court erred by permitting Sheriff Oakley to testify as follows: "if [defendant] had any innocence, we would check it all. We would check every story. We would check everybody, every witness that he said check. . . . I told [defendant's father], I said, if [defendant] is not guilty we will prove that he is not guilty." Specifically, defendant contends the testimony was not relevant, was prejudicial, and amounted to hearsay.

The record shows that various witnesses testified that the Sheriff and his deputies did not investigate other potential perpetrators in this case. In light of that evidence, the testimony of Sheriff Oakley was relevant. Even assuming *arguendo* that it should not have been admitted, defendant has failed to show a reasonable possibility that, absent the error, a different result would have been reached by the jury. *See* N.C. Gen. Stat. § 15A-1443(a) (1988). Defendant's argument is without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHN and McCRODDEN concur.

Judge McCRODDEN concurred prior to 15 December 1994.