STATE v. COMBS

[226 N.C. App. 87 (2013)]

———————————

STATE OF NORTH CAROLINA
v.
RAY DEAN COMBS, Defendant

No. COA12-1008

Filed 19 March 2013

1. **Rape—rape of a child—sufficient evidence—motion to dismiss properly denied**

    The trial court did not err by denying defendant's motion to dismiss the charges against him for rape of a child as there was substantial evidence of all the elements of the offense and that defendant was the perpetrator.

2. **Jury—instructions—not additional instructions**

    The trial court did not err in a rape of a child case by failing to give additional jury instructions in open court and failing to make them a part of the record. The written instructions given to the jury by the trial court were not additional instructions within the meaning of the statute.

3. **Jury—instructions—theory not supported by the evidence—no prejudice**

    The trial court did not commit plain error in instructing the jury on a theory of sexual offense that was not supported by the evidence. Even assuming the trial court's instructions were in error, there was overwhelming evidence that defendant performed

**STATE v. COMBS**

[226 N.C. App. 87 (2013)]

various sexual acts on the victim such that the jury probably would not have reached a different verdict under proper instruction.

Appeal by defendant from judgments entered on or about 15 March 2012 by Judge Anderson Cromer in Superior Court, Ashe County. Heard in the Court of Appeals 14 February 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General David Gordon, for the State.*

*William D. Spence, for defendant-appellant.*

STROUD, Judge.

Ray Dean Combs ("defendant") appeals from judgments entered on or about 15 March 2012. He argues that the trial court erred in denying his motion to dismiss the child rape charges against him, and in providing written instructions to the jury when one juror was illiterate. Defendant further argues that the trial court committed plain error by instructing the jury on theories of culpability that the evidence did not support. We disagree.

## I. Background

Sometime during 2008, defendant moved in with his girlfriend and his girlfriend's daughter Tiffany.[1] In May 2010, when Tiffany was eleven years old, she disclosed to her teacher that defendant had raped her. At the time of trial, Tiffany was thirteen years old, and defendant was fifty eight years old.

Defendant was indicted on ten counts of rape of a child and ten counts of first-degree sexual offense. Defendant pleaded not guilty and the case went to a jury trial. During jury selection, a jury member informed the court that he was unable to read and had difficulty writing. Defendant's attorney requested the trial court excuse the juror for cause, but the trial court denied this request.

At the close of the State's evidence, the trial court dismissed two of the two-count indictments of rape of a child and first-degree sexual offense because Tiffany only testified about the period of abuse beginning after the time specified in those indictments. The case went to a

---

1. To protect the identity of the juvenile and for ease of reading we will refer to her by pseudonym.

jury verdict on eight counts of rape of a child and eight counts of sexual offense with a child. The evidence presented at trial showed that over the course of the two years that defendant lived with Tiffany and her mother, defendant sexually abused Tiffany by engaging in vaginal intercourse, anal intercourse, fellatio, and digital penetration.

At the conclusion of the evidence presented, the trial court orally instructed the jury on the charges. The oral instructions for first-degree sexual offense included five acts that could constitute a sexual act. Upon request for clarification from the jury, the trial court gave written instructions of these charges. The jury found defendant guilty of all charges. The trial court consolidated the convictions into four judgments and sentenced him to four consecutive terms of 300-369 months confinement in the Division of Adult Correction. Defendant gave timely notice of appeal in open court.

## II. Sufficiency of the Evidence

**[1]** Defendant first argues that the trial court erred in denying his motion to dismiss the charges against him for rape of a child. Defendant contends that there was insufficient evidence presented at trial for a reasonable juror to find defendant guilty of these charges. For the following reasons, we disagree.

> A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Teague*, ___ N.C. App. ___, ___, 715 S.E.2d 919, 923 (2011) (citation and quotation marks omitted), *disc. rev. denied*, ___ N.C. ___, 720 S.E.2d 684 (2012).

Defendant was convicted of eight counts of rape of a child under N.C. Gen. Stat. § 1427.2A. Under this statute, the State must prove that defendant "is at least 18 years of age and engage[d] in vaginal intercourse with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.2A (2009).

Defendant only contends that there is insufficient evidence that he engaged in vaginal intercourse with Tiffany.[2] Vaginal intercourse is defined as "penetration, however slight, of the female sex organ by the male sex organ." *State v. Fletcher*, 322 N.C. 415, 424, 368 S.E.2d 633, 638 (1988) (finding no error in a jury instruction with such wording). Generally, a jury may find a defendant guilty of an offense based solely on the testimony of one witness. *State v. Vehaun*, 34 N.C. App. 700, 704, 239 S.E.2d 705, 709 (1977) (citation omitted), *disc. rev. denied*, 294 N.C. 445, 241 S.E.2d 846 (1978); *see, e.g., State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993) ("The uncorroborated testimony of the victim is sufficient to convict under N.C.G.S. § 14-202.1 [taking indecent liberties with children] if the testimony establishes all of the elements of the offense." (citation omitted)).

Here, there was substantial testimony to establish that defendant engaged in vaginal intercourse with Tiffany. Tiffany testified at trial that defendant put his "manhood inside her middle hole." She testified that this insertion had occurred more than five times and pointed to defendant in court as the person who had hurt her.

Defendant argues this testimony is vague and ambiguous. A witness does not have to "use any particular form of words to indicate that penetration occurred." *State v. Kitchengs*, 183 N.C. App. 369, 375, 645 S.E.2d 166, 171, *disc. rev. denied*, 361 N.C. 572, 651 S.E.2d 370 (2007). Nevertheless, where the only evidence of penetration is uncorroborated, ambiguous testimony, our Supreme Court has held that there is insufficient evidence to withstand a motion to dismiss. *State v. Hicks*, 319 N.C. 84, 90, 352 S.E.2d 424, 427 (1987). In *State v. Hicks*, our Supreme Court held that the witness' "ambiguous testimony" that the defendant had " 'put his penis in the back of [her]' " was insufficient to support a jury finding of anal penetration without "corroborative evidence (such as physiological or demonstrative evidence)." *Id.*

In *State v. Estes*, although the prosecuting witness used ambiguous terms, we distinguished *Hicks* because she clarified her use of ambiguous terms by other testimony. *State v. Estes*, 99 N.C. App. 312, 315-16, 393 S.E.2d 158, 160 (1990). In *Estes*, the witness testified that "the defendant put his penis in the 'back' and then explained that she meant 'where I go number two.' " *Id.* at 316, 393 S.E.2d at 160. We held that the "testimony, taken as a totality, is sufficient evidence that the defendant penetrated the anal opening." *Id.*

---

2. At trial, defendant admitted that it is likely Tiffany had been the victim of sexual abuse.

The present case is more analogous to *Estes*. While Tiffany did use potentially ambiguous terms such as "middle hole" and "bottom hole," her testimony was far from ambiguous. Like the witness in *Estes*, she explained these ambiguous terms. Tiffany distinguished between a middle hole "where babies come from," a bottom hole where things come out of that go in the toilet, and a third hole from which she urinates. She also described defendant's manhood as "down at the bottom but on the front" and not a part a woman has. Tiffany's testimony made clear what parts she was referring to during her descriptions of sexual abuse, unlike *Hicks*. Given her explanation of these body parts, her statement that defendant put his "manhood inside her middle hole" clearly describes vaginal penetration by the male sex organ.

Defendant further argues that Tiffany's testimony is overly contradictory, though he fails to highlight any specific contradiction in the record. It is well established that "contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *State v. Hill*, 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011) (citation and quotation marks omitted). Thus, this argument is unavailing.

In fact, there was a great deal of other evidence to support Tiffany's testimony. The State introduced a drawing that she made in her diary after an incident of vaginal intercourse. The drawing showed Tiffany and defendant on her bed with "his manhood going inside of [her]." *Cf. State v. Mueller*, 184 N.C. App. 553, 568-69, 647 S.E.2d 440, 451-52 (finding evidence sufficient to support a conviction for second-degree forcible sexual offense based on the minor child's testimony and her diary entries describing the defendant choking and threatening her), *disc. rev. denied*, 362 N.C. 91, 657 S.E.2d 24 (2007). Her testimony is further supported by sperm found on her bed that matched the defendant's DNA.

A medical expert also testified that she found signs of vaginal penetration during an examination of Tiffany. Tiffany disclosed to a detective that defendant had raped her on 24 May 2010. A general family practitioner, admitted as an expert, testified that she saw Tiffany on 25 May and observed redness around her vaginal opening consistent with vaginal penetration. Another medical expert, who examined Tiffany on 1 June, testified that Tiffany showed signs of chronic penetration over at least a six-month period because she had a thickened, rolled hymen and a notch in the posterior of her hymen indicating a tear.

Taken in the light most favorable to the State, Tiffany's testimony, supported by her contemporaneous diary drawing, defendant's sperm in an area of abuse, and the medical testimony provide substantial evidence of all elements of the offense of rape of a child and to identify defendant as the abuser. Therefore, we hold that the trial court did not err in denying defendant's motion to dismiss the charge of rape of a child.

### III. Written Jury Instructions

**[2]** Defendant next argues that the trial court erred in failing to give additional jury instructions in open court and failed to make them a part of the record as required by N.C. Gen. Stat. § 15A-1234(d). We hold that the trial court did not err because these jury instructions were not "additional jury instructions" within the meaning of the statute.

"[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (quotation marks and citation omitted). Thus, although defendant failed to object to the trial court's procedure, this issue is preserved for our review.

Defendant argues that the trial court violated N.C. Gen. Stat. § 15A-1234(d) by sending the jury written copies of the jury instructions during deliberations. N.C. Gen. Stat. § 15A-1234(d) mandates that "[a]ll additional instructions must be given in open court and must be made a part of the record." N.C. Gen. Stat. § 15A-1234(d) (2011).

This Court has previously held that "[w]here the trial judge simply repeats or clarifies instructions previously given and does not add substantively to those instructions, the latter instructions are not 'additional instructions' as that term is contemplated in section 15A–1234(c)." *State v. Rich*, 132 N.C. App. 440, 448, 512 S.E.2d 441, 447 (1999) (citation, quotation marks, and brackets omitted), *aff'd*, 351 N.C. 386, 527 S.E.2d 299 (2000); *State v. Smith*, 188 N.C. App. 207, 212-13, 654 S.E.2d 730, 735 ("A careful review of the court's instructions in response to the jury questions reveals that they were simply a reiteration of the court's original instructions and cannot be characterized as additional instructions. We therefore hold that it was unnecessary for the court to inform the parties of the supplemental instructions it intended to give." (citation omitted)), *app. dismissed and disc. rev. denied*, ___ N.C. ___, 667 S.E.2d 274 (2008). Additionally, we note that "[a] trial court has inherent authority, in its discretion, to submit its instructions on the law to the jury in writing." *State v. McAvoy*, 331 N.C. 583, 591, 417 S.E.2d 489, 494 (1992) (citation omitted).

Here, the trial court did not violate N.C. Gen. Stat. § 15A-1234(d) because it was simply repeating previously given instructions. During jury deliberations, the jury requested that the court "please clarify the definition of the second charge on the verdict sheet." In response to this request and with the consent of both defendant and the State, the judge made six copies of the original charge on rape of a child and first-degree sexual offense with a child.

Defendant has not alleged that the trial judge "add[ed] substantively to those instructions" read in open court. *Rich*, 132 N.C. App. at 448, 512 S.E.2d at 447. In fact, defendant does not allege that the written instructions differed at all from the instructions read in open court, and defendant did not submit as part of the record the copies given to the jury. Therefore, we conclude that the pattern jury instructions given to the jury did not add substantively to the instructions read in open court. Because the written instructions given to the jury by the trial court were not "additional instructions" within the meaning of the statute, the trial court did not err and violate N.C. Gen. Stat. § 15A-1234(d) by submitting them in writing after a jury question requesting clarification. *See Smith*, 188 N.C. App. at 212-13, 654 S.E.2d at 494.

## IV. Jury Instructions

**[3]** Finally, defendant argues that the trial court committed plain error in instructing the jury on a theory of sexual offense that was not supported by the evidence. We hold that even assuming the trial court's instructions were in error, the error was not so fundamental as to entitle defendant to a new trial.

Where a defendant fails to object to jury instructions at trial, the defendant is entitled to relief only if the instructions constitute "plain error." *State v. Cummings*, 326 N.C. 298, 315, 389 S.E.2d 66, 75 (1990). Here, defendant did not object to the jury instruction at trial and is entitled only to plain error review.

> The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to

seriously affect the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence,* ___ N.C. ___, ___, 723 S.E.2d 326, 333 (2012) (citation, quotation marks, brackets, and ellipses omitted). To determine if the error constitutes fundamental error, we must decide whether "the error had a probable impact on the jury verdict." *Id.* at ___, 723 S.E.2d at 334.

The trial court charged the jury in relevant part as follows:

> For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt.
>
> First, that the defendant engaged in a sexual act with the victim. A sexual act means, cunnilingus, which is any touching, however slight, by the lips or tongue of one person to any part of the female sex organ of another; fellatio, which is any touching by the lips or tongue of one person and the male sex organ of another; analingus, which is any touching by the lips or tongue of one person and the anus of another; anal intercourse, which is any penetration, however slight, of the anus by any person by the male sexual organ of another; and any penetration, however slight, by an object into the genital or anal opening of a person's body.

The disjunctive instructions at issue here would not permit the jury to convict defendant of different offenses. *See, e.g., State v. Diaz,* 317 N.C. 545, 554, 346 S.E.2d 488, 494 (1986) (ordering a new trial where it was impossible to tell whether the jury convicted defendant of possession or transportation of marijuana as trafficking), *abrogated in part by State v. Hartness,* 326 N.C. 561, 564-65, 391 S.E.2d 177, 179 (1990) (abrogating the overruling of *State v. Foust,* 311 N.C. 351, 317 S.E.2d 385 (1984)). The alleged error here was in the trial court's definition of what constitutes a sexual act. The statutory definition of "sexual act" does not create separate offenses, but "enumerates the methods by which the single wrong of engaging in a sexual act with a child may be shown." *State v. Petty,* 132 N.C. App. 453, 462, 512 S.E.2d 428, 434 (quotation marks omitted), *disc. rev. denied,* 350 N.C. 598, 537 S.E.2d 490 (1999). Nevertheless, we have ordered a new trial where the trial court defined "sexual act" to include acts for which there was no evidence. *See, e.g., State v. Hughes,* 114 N.C. App. 742, 746, 443 S.E.2d 76, 79, *disc. rev. denied,* 337 N.C. 697, 448 S.E.2d 536 (1994). "A trial judge should never give instructions to a jury which are not based upon a state of facts presented

by some reasonable view of the evidence." *State v. Lampkins*, 283 N.C. 520, 523, 196 S.E.2d 697, 699 (1973).

It is uncontested that there was no evidence of cunnilingus, but that the trial court nevertheless included that act in its definition of sexual act.[3] Defendant is not entitled to a new trial, however, because we conclude that there is no probability that the error affected the verdict.

We have found that there is no probable impact on the jury verdict where there is "overwhelming evidence" of the element to which the erroneous instruction related. *See Lawrence*, ___ N.C. at ___, 723 S.E.2d at 334-35. In *Lawrence*, the trial court entirely omitted the element of agreement in instructing the jury on the elements of conspiracy to commit robbery, but the Supreme Court found no probable impact from the error because multiple co-conspirators testified of the plan of the group, that the defendant knew of this plan, and after hearing of the plan "volunteered" his gun for the crime. *Id.*

Here, Tiffany testified that defendant "would stick his manhood up inside [her] or his fingers." Tiffany related a specific incident of digital penetration. Tiffany described a time on her dog's birthday when she was locked in her bedroom and upon being released by defendant, "he stuck his finger up inside me" and then made her watch a video of people "getting their freak on." She did not specify on how many occasions defendant had digitally penetrated her. The detective who investigated this case testified without timely objection that Tiffany told her that at times defendant "would use his finger to sort of open her up before the vaginal sex and the anal . . . ."

Tiffany also described an incident of anal intercourse. Tiffany testified in response to how often the defendant had "put his manhood in [her] bottom hole" that she could only "remember him doing that once in the bottom hole." She was also able to describe this incident. The prosecutor asked Tiffany, "Now, when he would put his manhood in your back or bottom hole, where would you be on your bed?" She replied, "I would be laying on my stomach." Finally, Tiffany had stated to

---

3. Defendant also contends that there was no evidence of fellatio. Tiffany had previously stated to a detective that defendant had required Tiffany on multiple occasions to put his "wee wee" in her mouth. Defendant's objection to this testimony was overruled by the trial court because the objection was not made "contemporaneously with the question and the answer." "[E]vidence admitted without objection, though it should have been excluded had proper objection been made, is entitled to be considered for whatever probative value it may have." *Hill*, 365 N.C. at 278, 715 S.E.2d at 844 (citation and quotation marks omitted). Defendant fails to note that there was also no evidence presented concerning analingus, which was also included in the trial court's definition of sexual act.

a detective that on multiple occasions the defendant had put his "wee wee" in her mouth. This testimony was introduced by the detective at trial, again without timely objection.

We conclude that there was overwhelming evidence that defendant performed various sexual acts on Tiffany such that the jury probably would not have reached a different verdict under proper instruction. Therefore, defendant is not entitled to a new trial on the charge of first-degree sexual offense.

## V. Conclusion

We hold that the trial court did not err in denying defendant's motion to dismiss the charge of rape of a child, nor in sending written instructions to repeat the oral instructions given in court. Finally, we conclude that the court did not commit plain error in instructing the jury on acts, unsupported by the evidence, which could constitute a sexual act as an element of sexual offense with a child.

NO ERROR; NO PLAIN ERROR.

Judges STEPHENS and DILLON concur.