DIETZ, Judge.
A jury found Defendant Willie Kenny Davis guilty of taking indecent liberties with a five-year-old child. Davis appeals his conviction arguing that the trial court erred in determining that the child, who was six years old at the time of trial, was competent to testify. Because the child demonstrated that she was able to understand the obligation to tell the truth, the trial court did not abuse its discretion in permitting the child to testify. Accordingly, we find no error.
Facts and Procedural History
In September 2012, the victim, Nadia,[1] was five years old and in kindergarten. She lived with her maternal grandmother and grandfather. Her mother, a college student, visited on weekends and holidays. Because Nadia's grandparents were unable to take her to school each day, Nadia stayed at her paternal great-grandmother's house every morning for approximately one hour before being taken to school. Nadia's paternal great-grandmother was married to Defendant Willie Kenny Davis.
On the date in question, Nadia's grandmother dropped her off at her great-grandmother's house, as she did every morning. After Nadia returned home that day, Nadia's grandmother asked about Nadia's day. Nadia replied that "Granddaddy Willie [Davis] asked me to put lotion on his tootie." According to Nadia and her grandmother, "tootie" is the word that they use for genitals. Nadia was not sure if she wanted to do it, but decided to proceed, and Davis pulled down his pants in order for her to perform the requested act. Upon hearing Nadia relate this incident, Nadia's grandmother immediately contacted Nadia's mother and father, as well as the police department and the Department of Social Services ("DSS").
A DSS social worker interviewed Nadia on 22 September 2012. Nadia told the social worker that "Granddaddy Willie gave me lotion and made me wipe it on his tootie." She repeated this several times, and drew pictures of what happened. During the interview, Nadia would frequently twirl and run around the room. The social worker believed that the questions were making her anxious. Nadia also underwent a child medical exam ("CME"), part of which included a recorded interview.
After reviewing the CME and interview, law enforcement interviewed Davis. Davis stated that on 20 September 2012, he let Nadia in the house, turned on the television for her, finished breakfast, and left for work. He denied the allegations against him.
On the date of the trial, Nadia was six years old. Due to her young age, the trial court allowed a voir direexamination of Nadia to determine whether she was competent to testify. Following the voir dire,the trial court concluded that Nadia was competent to testify at trial.
The jury found Davis guilty of taking indecent liberties with a child. The trial court imposed a presumptive-range sentence of 16-29 months. Davis timely gave notice of appeal.
Analysis
Davis's sole argument on appeal is that the trial court erred by finding Nadia competent to testify at trial. As a general rule, "[e]very person is competent to be a witness." N.C. Gen.Stat. § 8C-1, Rule 601(a) (2013). However, "[a] person is disqualified to testify as a witness when the court determines that the person is (1) incapable of expressing himself or herself concerning the matter as to be understood, either directly or through interpretation by one who can understand him or her, or (2) incapable of understanding the duty of a witness to tell the truth." N.C. Gen.Stat. § 8C-1, Rule 601(b). "There is no age below which one is incompetent, as a matter of law, to testify." State v. Turner,268 N.C. 225, 230, 150 S.E.2d 406, 410 (1966).
"[T]he competency of a witness is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness. Absent a showing that the ruling as to competency could not have been the result of a reasoned decision, the ruling must stand on appeal." State v. Hicks,319 N.C. 84, 89, 352 S.E.2d 424, 426 (1987) (internal quotation marks and citations omitted). Davis argues that the trial court abused its discretion by failing to make a finding that Nadia understood the concept of truth and by instead relying on Nadia's intelligence. Davis also argues that the trial court erred because Nadia's understanding of the concept of truth was too dependent on what others believed. We disagree.
After reviewing the record, we are satisfied that the trial court's ruling was based on a reasoned decision. Indeed, the ruling rendered by the trial court directly contradicts Davis's first argument:
I am going to find that she is competent to stand trial. She does have at least sufficient intelligence to give evidence in this case. And although rudimentary, she does understand the obligations of telling the truth and what it means to promise to tell the truth. Though she can't quite verbalize it, she was able to at least relay to this Court that she knew that it would be wrong not to tell the truth. Therefore, I'm going to find that she is competent.
While the trial court's ruling certainly references Nadia's intelligence, it was not based solely on that factor. Contrary to Davis's argument, the ruling clearly finds that Nadia understood the concept of telling the truth, as well as her obligation to tell the truth in court.
Additionally, Nadia's testimony during voir diresupports the trial court's ruling. Nadia was able to spell her name, state her age, and state her birthday. She identified true and untrue statements, such as what colors certain individuals in the courtroom were wearing. When asked what it means to tell the truth, she responded that "[t]ruth means if you tell the truth everybody will believe you and yourself." She stated that "when you make a lie and you feel bad about yourself, and then if you tell the whole-if you tell your friends the truth, they will believe you and you'll feel good for yourself." She recognized that telling a lie is a "bad thing," and that when you tell a lie, "[e]verybody won't believe you and you'll feel bad about yourself." She described telling a lie as "if you do something and you do it-if you did it for real and you told somebody you didn't, you're telling somebody lies." Nadia admitted that she had told lies in the past, namely about stealing something from the kitchen, and that she was punished after getting caught. Nadia promised both the prosecutor and the judge that she would tell the truth in her testimony. She also recognized that she would be breaking a promise if she lied in court.
As the trial court noted, Nadia may have had some trouble verbalizing the concepts discussed. Nonetheless, her testimony demonstrates that she understood the concept of telling the truth versus telling a lie, as well as the ramifications of both. Given the foregoing, we discern no abuse of discretion on the part of the trial court in determining that Nadia was competent to testify.
Conclusion
The trial court did not abuse its discretion in determining that Nadia was competent to testify. Accordingly, we find no error.
NO ERROR.
Judges BRYANT and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 30 May 2014 by Judge Gary M. Gavenus in Buncombe County Superior Court. Heard in the Court of Appeals 27 April 2015.

We use a pseudonym to protect the identity of the juvenile victim.